# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| PAUL ALOIS ADAMSKI,<br><br>                      Plaintiff,<br>v.<br><br>MARK J. MCGINNIS, JOSEPH TROY,<br>CITY OF APPLETON, SGT. DAN TAUBER,<br>JOHN DOE POLICE CHIEF,<br>JOHN DOES POLICE DEPARTMENT<br>OFFICIALS,<br>JOHN DOES POLICE DEPARTMENT<br>SUPERVISORS, and<br>JOHN DOES POLICE OFFICERS,<br><br>                      Defendants. | Case No. 13-CV-962-JPS<br><br><br><br><br>ORDER |

       The plaintiff, who is incarcerated at the Wisconsin Secure Program Facility, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. (Docket #1). On September 4, 2014, the Court found that the plaintiff's complaint "impede[d] cogent analysis" because of, *inter alia*, its "sheer length" and "profound lack of clarity owing to the blunderbuss nature of [the plaintiff's] attack." (Docket #14). Thus, the Court ordered the plaintiff to file an amended complaint. *Id.* at 2. He did so on September 19, 2014 (Docket #15), and the Court received his initial partial filing fee on October 14, 2014 (*See* Docket). This matter comes before the court on the plaintiff's motion to proceed *in forma pauperis*. (Docket #17).

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise

a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff has alleged, as the Court noted in a previous order, that "the defendants—two Wisconsin state court judges, the City of Appleton (in the State of Wisconsin), and various employees of the Appleton Police Department (most unidentified)—'conspired with the general objective of employing a sitting Outagamie County judge as an instructor' for Appleton Police Department." (Docket #14 at 1). The plaintiff alleges *eleven* causes of action due to the aforementioned allegations: (1) violations of 18 U.S.C. § 1962(c) pursuant to the Racketeer Influenced and Corrupt Organizations ("RICO") statute; (2) conspiracy to commit RICO predicate acts pursuant to

18 U.S.C. § 1962(d); (3) denial of equal protection of the law; (4) denial of procedural due process; (5) denial of substantive due process; (6) unreasonable search and seizure; (7) failure to intervene; (8) failure to prevent a violation of constitutional rights and conspiracy to deprive the plaintiff of his constitutional rights, pursuant to 42 U.S.C. §§ 1985, 1986; (9) retaliation; (10) the common law tort of breach of bond; and (11) negligent supervision. (Docket #15 at 13-21).

While the plaintiff has spilled quite a bit of ink in his amended complaint (and even more so in his original complaint), the Court will not do so in its screening order. The plaintiff's amended complaint fails for lack of RICO standing, alleges claims that are *Heck*-barred, and fails to properly plead conspiracy under *Twombly*. The Court will address each reason that the plaintiff's complaint cannot proceed in turn.

To begin, a civil RICO cause of action under § 1964(c) "requires a plaintiff to plead '(1) an injury in its business or property (2) by reason of (3) the defendants' violation of section 1962." *DeGuelle v. Camilli*, 664 F.3d 192, 198 (7th Cir. 2011); *see also Williams v. Mohawk Indus., Inc.*, 465 F.3d 1277, 1282 (11th Cir. 2006) (noting that to sustain a civil RICO action requires "(1) a showing of an injury to business or property, and (2) that such injury was 'by reason of' the substantive RICO violation"). Violations of § 1962 are RICO predicate acts and the types of violations that qualify under RICO are outlined in the statute itself. *See* § 1961(1); *LaFlamboy v. Landek*, 587 F. Supp. 2d 914, 938 (N.D. Ill. 2008) ("'Racketeering activity,' as defined by 18 U.S.C. § 1961(1), includes a host of state and federal offenses, or predicate acts.").

Additionally, RICO standing "represents a jurisdictional requirement which remains open to review at all stages of the litigation." *Evans v. City of Chicago*, 434 F.3d 916, 924 (7th Cir. 2006). The standing inquiry often revolves

around whether the plaintiff is alleging direct harm to his or her business or property, or alleging harm—and thus a cause of action—that belongs to another. To that end, "[e]ven if a plaintiff establishes a RICO violation through a pattern of racketeering activity under § 1962(c), a plaintiff may only recover for damages to one's 'business or property' occurring as a result of that violation." *DeGuelle*, 664 F.3d at 199 (citing *Evans*, 434 F.3d at 924-25). Allegations of injuries "by reason of" predicate RICO violations "require[] a showing of 'but for' causation and proximate cause." *Id.* (quoting *Corley v. Rosewood Care Ctr., Inc. of Peoria*, 388 F.3d 990, 1005 (7th Cir. 2004)).

The plaintiff alleges predicate acts by various defendants which include mail fraud, *see* 18 U.S.C. § 1341, honest services fraud (a subset of mail fraud), *see* 18 U.S.C. § 1346, extortion under color of official right, *see* 18 U.S.C. § 1951, mail fraud under Wis. Stat. § 943.89, and bribery under Wis. Stat. § 946.10. (*See generally* Docket #15). The Court need not delve into the intricacies of these predicate acts much because, even assuming *arguendo* that the plaintiff properly alleged predicate crimes, none of those crimes resulted in direct injury to the plaintiff. Namely, the alleged failure of the two named Outagamie Circuit Court Judges to report money received for teaching a "legal updates" class to the Appleton Police Department caused no harm to the plaintiff; and, any alleged harm he experienced simply by being a resident of Wisconsin is surely too remote. Similarly, if the payments to the aforementioned judges for these classes were "bribes" or were extorted under color of official right, the plaintiff still fails to show how these predicate acts injured him *personally*.

What Adamski does allege injured him—the issuance of a search warrant that was colored by these alleged RICO predicate acts—was not a criminal act standing alone and thus could never be the predicate act that

caused him injury. *See Smith v. Hilldebrand*, 244 Fed. Appx. 288, 290 (11th Cir. 2007) ("It is well settled that the alleged injury must arise from an unlawful act specified in 18 U.S.C. § 1961."); *Hernandez v. Cate*, 918 F. Supp. 2d 987, 1019 (C.D. Cal. 2013) ("Plaintiff's complaint includes wholly conclusory allegations that defendants' alleged violations of plaintiff's Eighth and Fourteenth Amendment rights also violate RICO. The complaint fails to state a civil RICO claim.") (citing *Silva v. Di Vittorio*, 658 F.3d 1090, 1105-06 (9th Cir. 2011) (internal quotation marks and citations omitted). The absence of a predicate RICO act causing Adamski injury to his property or business is fatal to his entire complaint.

  Even assuming, however, that the plaintiff had standing to pursue the RICO action, his claims would nonetheless be barred by *Heck*. It cannot seriously be argued that if the Court were to find police and judicial collusion, corresponding predicate RICO acts, and harm to the plaintiff as a result of those acts, that such an outcome would not necessarily call Adamski's underlying conviction into question. *See Heck v. Humphrey*, 512 U.S. 477, 487-87 (1994). While the plaintiff attempts, implicitly, to side step *Heck* by asserting that he is alleging a Fourth Amendment violation and such claims are not normally *Heck*-barred, *see, e.g.*, *Dominguez v. Hendley*, 545 F.3d 585, 589 (7th Cir. 2008), this argument fails because the plaintiff's main allegations are substantive and procedural due process violations (along with an equal protection cause of action). And due process claims can be *Heck* barred even if "a claim seek[s] damages only 'for using the wrong procedure, not for reaching the wrong result.'" *Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (quoting *Gotcher v. Wood*, 66 F.3d 1097, 1099 (9th Cir. 1995)). That would be especially true here because, while the plaintiff alleges only that Judge McGinnis's instruction of Appleton Police Department officers colored

his issuance of a search warrant to search Adamski's house, Adamski conveniently ignores that this conflict would be equally applicable to Adamski's trial, which was conducted by Judge McGinnis. Most assuredly, if Adamski's RICO allegations were substantiated (but, to be clear, they are highly specious), the convictions, search warrants, and other judicial proceedings before both judges would all need to be revisited.[1]

Moreover, there is also case law establishing that civil RICO cases are *Heck*-barred by their very nature. *See Gibbs v. United States*, 865 F. Supp. 2d 1127, 1156 (M.D. Fla. 2012) ("…a number of courts have held that the rule established by the Supreme Court in *Heck* applies to civil RICO claims") (collecting cases); *Hermansen v. Chandler*, 211 F.3d 1269 (Table), 2000 WL 554058, at *2 (6th Cir. 2000) (unpublished) ("This court has consistently applied the [*Heck*] princip[le] to civil actions under RICO…") (citing other Sixth Circuit cases); *but see Hunter v. Gates*, No. 99-CV-12811, 2001 WL 837697, at *3-4 (C.D. Cal. Apr. 16, 2001).

In the end, what *Heck* teaches is that collateral attacks on aspects of a criminal case that would imply the unlawfulness of the conviction itself, cannot proceed "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. The Court finds that the plaintiff's RICO claims would imply the invalidity of his conviction given Judge McGinnis was the trial judge and, at bottom, Adamski is alleging *much more than a simple Fourth Amendment claim* that would not, by itself, implicate *Heck* . Thus, whatever the merits of the underlying RICO cause of

---

[1]In fact, it is a near certainty that the conduct at issue was neither criminal nor did it color any judge's decision making. As Magistrate Judge Duffin stated in a similar case brought by Adamski, "[s]poradic instruction of [law enforcement by judges]…would not tempt an 'average judge'" to subvert the constitution. *See Adamski v. Gehring*, No. 14-CV-500, slip op. at 9 (E.D. Wis. June 25, 2014).

action might be, the plaintiff's RICO claims and those derived from them may not proceed.

Lastly, the Court can easily dispense with Adamski's conspiracy allegations relating to civil RICO, *see* § 1962(d), and those relating to conspiracy to violate his civil rights pursuant to §§ 1985, 1986. As to the civil RICO conspiracy, Adamski's failure to establish standing or a violation of section 1962(c) necessarily dooms his section 1962(d) conspiracy claim. *See Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 677 (7th Cir. 2000) (citing *Midwest Grinding v. Spitz*, 976 F.2d 1016, 1026 (7th Cir. 1992)). But, even if this were not the case, both conspiracy claims fail under *Twombly* because Adamski's conspiracy allegations are threadbare, wholly conclusory, and based on a dearth of facts. *See Twombly*, 550 U.S. at 556-57 ("…bare assertion[s] of conspiracy will not suffice. Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality.").

Setting aside the three reasons noted above, the Seventh Circuit has also warned against allowing RICO cases to proceed on the basis of cobbled together facts and weakly supported allegations. *See Limestone Development Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 803 (7th Cir. 2008) ("RICO cases, like antitrust cases, are 'big' cases and the defendant should not be put to the expense of big-case discovery on the basis of a threadbare claim."). The Seventh Circuit's position is derived from *Twombly*, where, as the Seventh Circuit explains, the Supreme Court instructed courts not to allow bare assertions of conspiracy to proceed "lest a defendant be forced to conduct expensive pretrial discovery in order to demonstrate the groundlessness of the plaintiff's claim." *Id.* (citing *Twombly*, 550 U.S. 558-60).

In light of the foregoing, the Court finds that the plaintiff's civil RICO allegations fail for lack of standing, he alleges claims that are *Heck*-barred, and fails to plead with particularity a conspiracy under any federal statute. Lacking these causes of action, the balance of the plaintiff's claims fall like a house of cards and, as such, they require no elaboration. The Court is obliged to dismiss this matter for failure to state a claim and as frivolous.

Accordingly,

IT IS ORDERED that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #17) be and the same is hereby GRANTED.

IT IS FURTHER ORDERED that this action be and hereby is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim and as frivolous.

IT IS FURTHER ORDERED that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim and as frivolous under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

IT IS FURTHER ORDERED that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

IT IS FURTHER ORDERED that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

IT IS FURTHER ORDERED that the Clerk of Court enter judgment accordingly.

IT IS FURTHER ORDERED that copies of this order be sent to the warden of the institution where the inmate is confined.

I FURTHER CERTIFY that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 30th day of March, 2015.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge