UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PAUL ALOIS ADAMSKI,

                Plaintiff,

v.

MARK J. MCGINNIS, JOSEPH TROY,
CITY OF APPLETON, SGT. DAN TAUBER,
JOHN DOE POLICE CHIEF,
JOHN DOES POLICE DEPARTMENT
OFFICIALS,
JOHN DOES POLICE DEPARTMENT
SUPERVISORS, and
JOHN DOES POLICE OFFICERS,

                Defendants.

Case No. 13-CV-962-JPS

ORDER

      Before the Court is the plaintiff's motion for reconsideration (Docket #22) of the Court's March 30, 2015 order dismissing this action and assessing the plaintiff a strike pursuant to 28 U.S.C. § 1915(g). (Docket #20). In his motion for reconsideration, the plaintiff, Paul Alois Adamski ("Adamski"), avers that the Court "made an error of law in that [his] suit should not have been barred [under *Heck v. Humphrey*, 512 U.S. 477 (1994)] in relation to…[his] claims regarding] how Defendants Tauber and John Doe did go outside the scope of the warrant and Defendant City of Appleton was negligent in its supervision of these defendants." (Docket #22 at 1).

      A party moving for reconsideration "must demonstrate that newly discovered facts exist that require consideration, that there has been an intervening change in the law, or that the court has overlooked and thus failed to consider an aspect of the law presented by the [moving party] which, if left unredressed, would result in a clear error or cause manifest injustice." *Metro. Entm't Co., Inc. v. Koplik*, 25 F. Supp. 2d 367, 368 (D. Conn.

1998) (citing *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)); *see also Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984); *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996).

The Court declines to reconsider its decision dismissing the plaintiff's case and assessing him a strike. While it is true that, standing alone, those two claims may not be *Heck*-barred, the claims were brought as subsidiary claims in his overall civil RICO allegations. Allegations, it is worth noting, that the Court dismissed not just under *Heck*, but because the plaintiff lacked standing to assert his civil RICO claims and failed to properly plead his civil RICO conspiracy claims. (*See* Docket #20 at 4) ("The plaintiff's amended complaint fails for lack of RICO standing, alleges claims that are *Heck*-barred, and fails to properly plead conspiracy under *Twombly*.").

Moreover, the Court gave the plaintiff leave to amend his complaint, previously. (*See* Docket #14). Leave, that is, because his original complaint "impede[d] cogent analysis for initial screening pursuant to 28 U.S.C. § 1915A [because of]: (i) Adamski's failure to use the form prescribed by Civil Local Rule 9(b); (ii) the sheer length of the complaint (fifty-four handwritten pages); and (iii) a profound lack of clarity owing to the blunderbuss nature of Adamski's attack (*twenty-two* federal and state law claims)." (Docket #14 at 2). Despite granting leave, however, the plaintiff declined the opportunity to narrow his case, stating that he would "not abandon" most of his interwoven claims, and hoped the Court would permit him to proceed on his initial, *fifty-four page* complaint. (Docket #16 at 2-3).

At bottom, the plaintiff asks for reconsideration on the basis that the Court should have parsed his voluminous amended complaint and carved out the two claims noted above, despite the fact that: (1) those claims were

intertwined with his civil RICO allegations that spanned fifty-four pages originally, and twenty-two (22) single-spaced pages as amended (but with piles more of "evidence"); and (2) the Court had previously given the plaintiff leave to amend the complaint. The Court did not err, and the plaintiff's argument is surely foreclosed by *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *cf. United States ex. rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud."). The plaintiff's amended complaint alleged claims that were frivolous and failed to state a claim; thus, a strike was warranted. § 1915(g); *George*, 507 F.3d at 607; *West v. Hallet*, No. 07-CV-624, 2011 WL 3273565, at *1 (E.D. Wis. July 29, 2011).

That said, the plaintiff is advised that the Court's dismissal of his case was without prejudice; thus, the plaintiff is free two bring the two claims he alleges are not *Heck*-barred in a separate case. Indeed, the Court never stated that those claims, individually, were *Heck*-barred, but only that his civil RICO claims were:

> The Court finds that the plaintiff's RICO claims would imply the invalidity of his conviction given Judge McGinnis was the trial judge and, at bottom, Adamski is alleging *much more than a simple Fourth Amendment claim* that would not, by itself, implicate *Heck*. Thus, whatever the merits of the underlying RICO cause of action might be, the plaintiff's RICO claims and those derived from them may not proceed.

(Docket #20 at 7-8). Rather, the Court stated that lacking the civil RICO claims, "the balance of the plaintiff's claims fall like a house of cards and, as such, they require no elaboration." *Id.* at 9. Thus, the plaintiff is free to bring those claims—unmoored from the civil RICO morass— in a separate case.

And, just as was the case here, those severed claims will be screened as required by 28 U.S.C. § 1915A(a).

In light of the foregoing, the Court is obliged to deny the plaintiff's motion for reconsideration (Docket #22).

Accordingly,

IT IS ORDERED that the plaintiff's motion for reconsideration (Docket #22) be and the same is hereby DENIED.

Dated at Milwaukee, Wisconsin, this 28th day of April, 2015.

BY THE COURT:

*signature*

J.P. Stadtmueller
U.S. District Judge